

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

January 28, 2019                                              File No. 37986.1933

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

      Re:   *Murphy v. Dover Street Market New York, Inc.*
              Case No. 18-cv-6930(KHP)

Dear Judge Parker:

    As Your Honor will recall, on December 20, 2018 this Court entered an order stating this matter would be dismissed as of on January 21, 2019 (DE 18) based on the parties' advice concerning their settlement (DE 16).

    As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith. The parties do not plan to file a stipulation of dismissal given the preference that this matter resolve via a consent decree.

    As Your Honor will recall, plaintiff's class action Complaint alleges that the website at issue is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law and the New York City Human Rights Law. While Defendant does not admit liability, we have reached a settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation. The parties jointly request that the Court approve and so-order the enclosed consent decree. They submit that the consent decree is fair and reasonable and the public interest would not be disserved by its entry. *SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). They fashioned the consent decree as a reasonable resolution of the plaintiff's claims. *See, e.g. Yap v. Sumitomo Corp. of America*, No. 88 Civ. 700 (LBS), 1991 U.S. Dist. LEXIS 2124, at *15-16 (S.D.N.Y. Feb. 22, 1991) (weighing factors used to determine if a consent decree is fair and reasonable); *Meyer v. Macmillan Pub. Co.*, No. 78 Civ. 2133 (MEL), 1986 U.S. Dist. LEXIS 27492, at *15-*16 (S.D.N.Y. March 28,

Hon. Katharine H. Parker
U.S.M.J.
January 28, 2019

1996) (determining that consent decree is fair, reasonable and adequate and supported by public policy).

The parties have settled numerous other ADA website cases in this Court in which the assigned judges have approved virtually identical consent decrees. *See Burbon v. Maidpro*, Docket No. 18-cv-6290 (DE 19); *Mendizabal v. American Self Storage*, Docket No. 17-cv-1004 (DE 23); *Sypert v. Gefen*, Docket No. 18-cv-4336 (DE 17); *Sypert v. Pelham Country Club*, Docket No. 18-cv-6496 (DE 12); *Tucker v. CorePower Yoga*, Docket No. 18-cv-5394 (DE 17); *Mendez v. Madison York*, Docket No. 18-cv-4947 (DE 15); *Burbon v. Hometeam*, Docket No. 18-cv-4783 (DE 20).

Also enclosed herewith is a copy of the parties' settlement agreement. The amount being paid to plaintiff's counsel for attorneys' fees pursuant to the agreement is set forth in a side letter which is not being filed with the Court as the parties desire to keep that figure confidential.

Thank you for your attention to this matter.

Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: Counsel for Plaintiff (via ECF)

4830-8677-5430.1